## FAILURE OF CONSIDERATION FOR WIFE'S RELEASE OF INTEREST IN LAND.

Circuit Court of Hamilton County.

KATE KLEIN v. ELLIS B. GREGG, GUARDIAN, ET AL.

Decided, December 5, 1908.

*Husband and Wife—Release by Wife of Her Interest in Lands—Consideration Wholly Fails—Action to Set Deeds Aside—Pleading—Presumption—Fraudulent Representation—Mistake.*

The allegation that the consideration upon which a wife released her rights in her husband's property have wholly failed, and if the deeds are permitted to stand she will receive no part of the consideration which it was intended both by her husband and herself that she should receive, is not ground for setting the deeds aside, in the absence of the allegation that the consideration was wholly inadequate at the time the deeds were executed.

*W. A. Hicks,* for plaintiff.

*E. B. Gregg,* contra.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

The failure of the plan or design of David Klein in executing and delivering the deeds in question to provide a home and support for his wife and children after his death is no legal ground for setting aside such deeds, unless such plan or de-

sign was disclosed to the plaintiff and induced her to part with her interest in the property. The statement that ''she would be taken care of and be amply provided for under said deeds'' is not a representation of an existing fact, nor of the legal effect of such deeds, but a mere opinion of her future wants as well as those of the children, and the sufficiency of the means provided. Her real complaint is, not that the property conveyed is insufficient of itself to provide a home and support for herself and his children, but that they do not receive what the deeds purport to convey, to-wit, a clear and unincumbered title. One conveyance is made subject expressly to a mortgage of $3,000, and there is no allegation in the second amended petition that he promised or represented to her that he would pay or cause to be paid such mortgage.

The other conveyance contained a covenant of warranty that the property is clear and unincumbered, and plaintiff avers that her husband represented to her at the time the deed was executed that the $2,500 mortgage was satisfied and no longer a lien on said property, whereas in fact it was unsatisfied of record; but she nowhere avers that such representations were relied upon by her. *Insurance Co.* v. *Reed,* 33 O. S., 283.

There is no pretense that the misrepresentation was intentionally made, and if it be treated as a mistake there is no averment that it was mutual.

While the pleading contains the averment that ''the consideration upon which she released her rights in said property has wholly failed, and if said deeds are permitted to stand she will receive no part of the consideration upon which such release was founded and intended for her by her husband,'' yet there is no averment that the consideration was wholly inadequate at the time the deed was executed, September 19th, 1901. The presumption would rather be that it was adequate, else she would have begun her action long ago.

Her right of action depends not upon the failure to receive what her husband intended she should receive, although not expressed in the deed, but upon fraud, mistake or undue influence

There was no intentional misrepresentation of fact, nor undue influence, and the only apparent ground for rescission is mis-

take, which, to be available, must be mutual.    If the facts warrant, the plaintiff may amend accordingly.

Demurrer sustained.